GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. THE PEOPLE'S BANK OF BURNSVILLE, N. C., v. J. N. WILSON, ROBERT PRESSNELL, SHERIFF OF YANCEY COUNTY, AND A. G. WILSON.

(Filed 10 April, 1935.)

**1. Judgments G b—Consent judgment may be entered at any time by clerk of Superior Court in which the action is pending.**

A consent judgment may be entered at any time by the clerk of the Superior Court in which the action is pending, C. S., 593, and it is not required that such judgment be entered on a Monday as is the case with other judgments which the clerk is authorized to enter. C. S., 597 (b).

**2. Judgments H a—Consent judgments have priority in accordance with priority of docketing.**

Plaintiff's consent judgment was docketed 7 o'clock p.m., 6 December, and defendant judgment creditor's consent judgment against the same

party was docketed 3 o'clock p.m., the same day, the judgments being docketed on a day other than a Monday, as authorized by statute. *Held:* The judgment of defendant judgment creditor has priority over plaintiff's judgment, C. S., 614, since the provisions of C. S., 613, that judgments rendered during a term should relate back to the first day thereof, and that the liens of all judgments rendered on the same Monday shall be of equal priority, do not apply to judgments by consent.

**3. Execution E a: Receivers A a—Execution may not be enjoined nor receiver appointed on ground that execution would not satisfy all judgment liens.**

Allegations that because of prevailing financial conditions a sale of defendant judgment debtor's lands under execution will not produce money sufficient to pay all judgments docketed against him; but that a sale under supervision of the court would probably produce sufficient money to pay all the judgments, are insufficient to state a cause of action upon which plaintiff judgment creditor is entitled to enjoin execution upon defendant judgment creditor's prior docketed judgment, nor are such allegations sufficient to support the appointment of a receiver by the court for the property of the judgment debtor.

APPEAL by the defendant J. N. Wilson from *Warlick, J.,* at October Term, 1934, of YANCEY. Reversed.

This is an action to enjoin the defendant Robert Pressnell, sheriff of Yancey County, from selling, and the defendant J. N. Wilson from causing the sale of the lands of the defendant A. G. Wilson, situate in Yancey County, under execution on a judgment in favor of the said J. N. Wilson and against the said A. G. Wilson; for the appointment of a receiver of the property of the defendant A. G. Wilson pending the trial of the action; and for other relief.

The plaintiff is the owner of a judgment against the defendant A. G. Wilson, which was duly docketed in the office of the clerk of the Superior Court of Yancey County, at 7 o'clock p.m., on 6 December, 1933, and is by virtue of the statute (C. S., 614) a lien on the real property of the said A. G. Wilson, situate in Yancey County. This judgment was rendered in an action brought by the plaintiff against A. G. Wilson in the Superior Court of Yancey County, and was entered by the clerk of said court by consent on Wednesday, 6 December, 1933.

The plaintiff is also the owner of other judgments against A. G. Wilson, which were rendered and docketed subsequent to 6 December, 1933. These judgments are also liens on the real property of A. G. Wilson, situate in Yancey County.

The defendant J. N. Wilson is the owner of a judgment against the defendant A. G. Wilson, which was docketed in the office of the clerk of the Superior Court of Yancey County, at 3 o'clock p.m., on 6 December, 1933, and is by virtue of the statute (C. S., 614) a lien on the real property of the said A. G. Wilson, situate in Yancey County. This

judgment was rendered in an action brought by the said J. N. Wilson against the said A. G. Wilson in the Superior Court of Yancey County, and was entered by the clerk of said court, by consent, on Wednesday, 6 December, 1933.

On motion of the defendant J. N. Wilson, an execution was issued by the clerk of the Superior Court of Yancey County, on the judgment against A. G. Wilson, now owned by him, and at the commencement of this action the said execution was in the hands of the defendant Robert Pressnell, sheriff of Yancey County. The said defendant had caused the homestead of A. G. Wilson to be allotted and set apart to him, as required by law, and had advertised all the lands owned by the said A. G. Wilson, and situate in Yancey County, not included in his homestead, for sale on Monday, 1 October, 1934, under the execution in his hands.

It is alleged in the complaint, upon information and belief, that the defendant A. G. Wilson is now either insolvent or in grave danger of becoming insolvent, and that if his lands are now sold under execution, the proceeds of said sale will not be sufficient to pay the judgments docketed against him and the other claims of his creditors, but that if the said lands are sold under the supervision of the court, they will bring sufficient sums to pay off and discharge the said judgments and other claims against the said A. G. Wilson.

The action was heard in the Superior Court (1) on defendant's demurrer *ore tenus* to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action;

(2) On defendants' motion that the temporary restraining order issued in the action be dissolved; and,

(3) On plaintiff's motion that a receiver of all the property of the defendant A. G. Wilson be appointed by the court pending the trial of the action.

At the hearing defendants' demurrer *ore tenus* to the complaint was overruled, and their motion that the temporary restraining order be dissolved was allowed.

The court was of opinion that the judgments of the plaintiff and of the defendant J. N. Wilson against the defendant A. G. Wilson, both of which are liens on the real property of the said A. G. Wilson, situate in Yancey County, are of equal dignity, and that the judgment of the defendant J. N. Wilson has no priority over the judgment of the plaintiff because the former judgment was docketed at 3 o'clock p.m. and the latter judgment was docketed at 7 o'clock p.m. on 6 December, 1933.

In accordance with this opinion, a receiver of all the property of the defendant A. G. Wilson was appointed by the court, pending the trial of the action.

The defendant J. N. Wilson appealed from the judgment, assigning as error (1) the overruling of the defendants' demurrer *ore tenus;* (2) the holding of the court that his judgment had no priority over the judgment of the plaintiff; and (3) the appointment of a receiver of the property of the defendant A. G. Wilson pending the trial.

*Watson & Fouts for plaintiff.*
*J. G. Merrimon and A. Hall Johnston for defendant J. N. Wilson.*

Connor, J.   The facts alleged in the complaint in this action are not sufficient to constitute a cause of action on which the plaintiff is entitled to relief.   For that reason, there is error in the judgment overruling the demurrer to the complaint.   The demurrer should have been sustained and the action dismissed.   On the facts alleged in the complaint, the plaintiff is not entitled to an injunction against the defendants, or either of them.

Both the plaintiff and the defendant J. N. Wilson are judgment creditors of the defendant A. G. Wilson.   Neither the validity of the defendant's judgment nor the regularity of the execution issued on said judgments, and now in the hands of the defendant Robert Pressnell, sheriff of Yancey County, are challenged by the plaintiff.   Both judgments were duly rendered by the Superior Court of Yancey County, and were duly docketed in the office of the clerk of said court, and are liens on the real property of the judgment debtor, in Yancey County.   The judgment of the defendant J. N. Wilson, having been first docketed, is a prior lien on said real property.   C. S., 614.

It is provided by statute that a judgment by consent may be entered at any time by the clerk of the Superior Court in which the action is pending.   C. S., 593.   Such judgment need not be entered on a Monday, as is the case with other judgments which the clerk is authorized to enter.   C. S., 597 (b).   The statute provides that "the liens of all judgments rendered on the same Monday shall be of equal priority, and each Monday shall be held and construed, in determining the priority of judgment liens, as a term of court, and the first day thereof."   See C. S., 613.   This provision does not apply to judgments by consent, which were rendered, as authorized by statute, on a day other than a Monday.   As to such judgments, in the absence of statutory provisions to the contrary, the rule, *"qui prior est in tempore, prior est in jure,"* applies.   See *Bates v. Hinsdale,* 65 N. C., 424.

The allegations in the complaint to the effect that because of financial conditions now prevailing throughout the country, a sale of the lands of the judgment debtor under an execution will not produce a sum of money sufficient to pay all the judgments docketed against him, but

that a sale of said lands under the supervision of the court will probably produce such sum, although admitted by the demurrer, are not sufficient to constitute a cause of action on which the plaintiff is entitled to the injunction prayed for by the plaintiff. See *Bolich v. Ins. Co.,* 202 N. C., 789, 164 S. E., 335. Nor are such allegations sufficient to support the appointment by the court of a receiver of the property of the judgment debtor.

As there is error in the judgment overruling the demurrer to the complaint, the judgment must be reversed, and the action dismissed. It is so ordered.

Reversed.